IN THE UNITED STATES OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VALERIE ARROYO | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 21-818C |
| V | ) | (Judge Davis) |
| | ) | |
| | ) | |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant | ) | |

PLAINTIFF OPPOSITION RESPONSE FOR THE MOTION TO DISMISS AND RESPONSE TO OPPOSITION OF THE SUMMARY JUDGMENT BY OPPOSING COUNSEL

VALERIE ARROYO, PRO SE
P.O. BOX 5579
CONCORD NC 28027
PHONE# 704-506-1526

ATTORNEY FOR THE PLAINTIFF

MARCH 29, 2021

Received - USCFC
APR 05 2021

## TABLE OF CONTENTS

STATEMENT OF THE ISSUES....................................4

BACKGROUND....................................5

ARGUMENT....................................6

I. Standard Of Review ....................................6

A. Opposing the Dismissal For Lack of Subject-Matter Jurisdiction Pursuant to RCFC 12 (b)(1)....................6

B. Summary Judgment Pursuant to RCFC 56 ....................6

C. Conclusion With Respect to Pro Se Litigants...............6

II. The Court Should Not Dismiss Ms. Arroyo's Complaint For Lack of Subject-Matter Jurisdiction Pursuant of RCFC 12 (b) (1)...5

A. The Court Should Not Dismiss Ms. Arroyo's Claims Against State, Local and Federal Officials.......................6

B. The Court Should Not Dismiss Ms. Arroyo's Constitution Claims ....................................7

C. The Court Should Not Dismiss Ms. Arroyo's Claims That Are Based Upon Alleged Errors In Lawsuit In State And District Court.................................... 7

D. The Court Should Not Dismiss Any Tort Claim.............8

E. The Court Should Not Dismiss Ms. Arroyo's Claim For Impeachment.................................... 8

III. Transfer Pursuant To 28 U.S.C. § 1631 Is Warranted...........9

IV. The Court Should Not Deny Ms. Arroyo's Motion For Summary Judgment....................................10

V. Conclusion

## TABLE OF AUTHORITIES

**Statutes**

**28 U.S.C. § 1331**

**28 U.S.C. § 1361**

**28 U.S.C. § 1442**

**28 U.S.C. § 1631**

**28 U.S.C. § 1654**

**28 U.S.C. § 2671**

**Rules**

**RCFC Rule 55**

**RCFC Rule 56**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **VALERIE ARROYO** | **)** | |
| | **)** | |
| **Plaintiff** | **)** | |
| | **)** | **No. 21-818C** |
| **V** | **)** | **(Judge Davis)** |
| | **)** | |
| | **)** | |
| **THE UNITED STATES** | **)** | |
| | **)** | |
| **Defendant** | **)** | |

*******************************************************************

PLAINTIFF'S RESPONSE OPPOSING THE DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S RESPONSE TO THE DEFENDANT'S OPPOSING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 1361, of the Rules of the United States Court of Federal Claims (RCFC), plaintiff, Valerie Arroyo respectfully request that this Court deny the Defendant's Motion to Dismiss the complaint due to this Court does have jurisdiction to entertain this complaint. In support of this response, the original complaint and the matter of the law in the response to the Defendant brief. In addition, the Plaintiff respectfully request that this Court grants her motion for summary judgment pursuant to Rule 56, due to "that there is no genuine issue a to any material fact and the plaintiff is entitled to judgment as a matter of the law"- RCFC 56, et al.

STATEMENT OF THE ISSUES

1. Whether the Court lacks jurisdiction to decide Ms. Arroyo's claims that state, local and federal government officials failed to conduct a proper criminal investigation

2. Whether the Court lacks jurisdiction to consider Ms. Arroyo's claim that are based upon non-money mandating provisions of the Constitution

3. Whether the Court lacks jurisdiction to review alleged errors in lawsuits in State and District Court

4. Whether the Court lacks jurisdiction to decide claims that sound in tort

5. Whether the Court lacks jurisdiction to impeach

6. Whether transfer pursuant to 28 U.S.C. § 1631 is not warranted

7. Whether the Court should deny Ms. Arroyo's motion for summary judgment

BACKGROUND

On January 08, 2021, the Plaintiff Valerie Arroyo filed a FTCA complaint with the United State Court of Federal Claims pursuant to a private citizen suing the federal government entity and employees for damages and liable in a personal injury claims without express permission. Under the Federal Tort Claim Act allows certain lawsuits against federal agency and its employees who acted negligence, omission or wrongdoing cause injuries to the private citizen, while acting in his or her official or personal capacity. Several Federal agencies and employees failure to provide fair and equal protections during administration, judicial, criminal and civil proceedings. According to the Constitution law, all federal agencies and employees has a duty, responsible and an oath to defend, protect and uphold all citizens from domestic and foreign treason.

The Federal Bureau of Investigation, Department of Justice and the District Court refuse to act conduct and perform without discrimination, prejudice, abuse of its discretion, or conflict of interest and deception when it comes to duty to protect all citizens from criminal and civil judicial proceedings and investigations. Pursuant to the law, all federal employees who are appointed, elected or hired took an oath to abide and uphold the constitution, which these agencies and their employees failure to comply with. Several federal employees conduct unethical, unconstitutional and deceptive to

make sure the injured citizen does not receive a fair and equal trial by jury to seek justice from all of the individuals who has cause her damages as a matter of the law. Under the ethic law, all public officials has a duty to act in good faith, no prejudice and unethical behavior during any administrative and judicial proceedings.

ARGUMENT

I. Standard of Review

A. Pursuant to the RCFC Rule 7a, there should be an answer to this complaint, which there is no answer, so no other pleadings shall be allowed. Pursuant to RCFC Rule 55, this court should be granting a default judgment in favor of the Plaintiff due to there is no answer within the time allowed, no motion for an extension of time to file an answer by the opposing counsel on behalf of the Defendant.

Pursuant to 28 U.S.C. § 1364, this Court has concurrent jurisdiction with the District court to provide a final resolution to this complaint. According to the law, when a complaint consist of constitutional questions only a jury can provide an answer, not one judge under the constitution law.

B. Pursuant to FRCP Rule 56, Summary Judgment should be granted in favor of the Plaintiff due to there is no answer, which means the Plaintiff is entitled to a default judgment; there is no genuine issues as to any material fact and that the Plaintiff is entitled to judgment as a matter of law.

C. As a matter of law, 28 U.S.C. § 1654, the Plaintiff has a right to appear on her own, receive fair and equal protections and rights as the opposing counsel, which has not occurred in any of these

administrative and judicial proceedings, which is a violation of the Constitution and Bill of Rights under the Amendments of the United States of America, which are under the federal laws. The law does allow "Pro Se" held to "less stringent standards" but does not allow the "Pro Se" to act unethical or unconstitutional. Pursuant to all of the civil rules and procedures under the administrative and judicial, the "pro se" party has to comply or there are sanctions or case dismissed.

An injured citizen has a right to bring a complaint against any citizen who cause them damages, there is a process that all citizens and agencies has to follow without any discrimination, prejudice or abuse of its discretion. Under the 28 U.S.C. § 2671, Chapter 171, tort claim procedures should be heard, there should be deposition, discovery and hearing.

II. This Court has concurrent jurisdiction with the State District court under 28 U.S.C. § 1367, the plaintiff can bring a civil complaint with federal questions under 28 U.S.C. § 1331 in state or federal court.

B. The Court Should Dismiss Ms. Arroyo's Constructional Claims

The opposing counsel is pleading states this Court does not have jurisdiction to entertain this complaint, but on the other hand requesting this Court to dismiss the Plaintiff's Constitutional Claims. As a matter of law, this Judge does not have the authority to dismiss a complaint with federal question or constitutional claims without a jury trial, if an answer would be filed in any of the courts, this case would be schedule for a jury trial. Pursuant to the

28 U.S.C. § 1442, all federal employees and agencies can be sue or prosecuted by a jury, which all individuals may be liable monetary in his or her personally capacity.

D. The Court Should Dismiss Ms. Arroyo's Claims That Are Based Upon Alleged Errors In Lawsuit In State and District Court

This Court should not dismiss this case due to errors in the lawsuit, the facts, evidence and a jury should be the one to hear this complaint. Plaintiff is not an attorney, but the facts, evidence and depositions by the Defendant(s) would prevail the corruption, deception and obstruction of justice by the Federal and State Public officials. This why there has been no "Answers" filed on any of the complaints by the Plaintiff. All of these defendant(s) has a right to answer, file a counterclaim against the Plaintiff, there is none. Pursuant to the Ethic law and Statutes, all State and Government public official are to act conduct with ethics, integrity and good faith. If a judge refuse to be bipartisan or show special treatment towards the opposing counsel, the Plaintiff has right to file a complaint with the Judicial Commissioner and when employees refuse to act conduct and perform under the Constitution the injured party has a right to file a tort claim.

Plaintiff never complaint about the case removed from State to Federal by the Federal Bureau of Investigation attorney, that is the law, when all of the opposing counsel motion for extension of time to file an answer to the complaint, but never filed an answer. Magistrate and the Judge refuse to grant the Plaintiff a default judgment as a

matter of law. Instead, the Judge place the complaint on litigation hold without notifying the pro se.

D. The Court Should Dismiss Any Tort Claim

Pursuant to 28 U.S.C. § 2671, this court has jurisdiction to provide a final resolution in this tort claim, this complaint does not deserve to be dismiss under these grounds.

E. The Court Should Dismiss Ms. Arroyo's Claim for Impeachment

Impeachment in the United States is the process by which a legislature's lower house brings charges against a civil federal officer, the Vice President, or the President for misconduct alleged to have been committed. Local and State Impeachment has a process that removes local state officials from his or her official duties when misconduct alleged to have been committed. This Court reports to Congress, they have the authority to impeach.

III. Transfer Pursuant to 28 U.S.C.§ 1631 Is Not Warranted

Pursuant to 28 U.S.C. § 1631 is warranted due to this Court has concurrent jurisdiction with the District Court; under this statute the District Court has original jurisdiction and it should compel all officers to perform their duties owed to the Plaintiff as a matter of law

IV. The Court Should Deny Ms. Arroyo's Motion for Summary Judgment

Pursuant to RCFC 7(a), there is no answer filed as of March 29, 2021, the United States has 60 days to file an answer after service of summons and complaint. No answer filed, just pre-answer affirmative defense pleading, which should be filed within 21 days after service. There is no genuine issues of material of facts, the opposing counsel

failure to file an answer within time allowed; the Plaintiff Arroyo is entitled to a Default Judgment. This motion to dismiss and opposition of Motion for Summary Judgment filed on March 17, 2021.

CONCLUSION

As a matter of law, the Pro Se respectfully request that this Court denies the opposing counsel Motion to Dismiss and opposition of the Motion for Summary Judgment under the RCFC Rule 12 (b)(1), it has no grounds or merit on this complaint to be dismiss. Under the Constitution, nobody is above the law, and all citizens should be treated equally and fairly. Federal or State Government Officials took an oath before entering his or her official capacity; when he or her violates that oath, the injured citizen has a right to seek justice from a bipartisan court. All Court public Officials has a duty to act with integrity and ethics.

If this Court grants the opposing counsel motion, it would be greatly unjust and improper decision, which is not in the best interest of the public

Respectfully submitted on March 29th 2021

Valerie Arroyo, Pro Se
P.O. Box 5579
Concord, NC 28027
Phone#704-506-1526

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Plaintiff's Response Brief to opposing Attorney on record, by 1st class mail of the United States Postal Service

Sonia M. Orfield
Trial Attorney
Commercial Litigation
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington D.C. 20044
Attorney for Defendant

Respectfully submitted on 29th March 2021

Valerie Arroyo, Pro Se
P.O. Box 5579
Concord, NC 28027
Phone#704-506-1526

P.O. Box 5579
Concord NC 28027

United States Court
Of Federal Claims
717 Madison PL N.W.
Washington D.C. 20439
Attn Clerk of Court

RECEIVED
APR - 5 2021
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS