IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VALERIE ARROYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-818C |
| | ) | (Judge Davis) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

On April 7, 2021, the Court served through the ECF system *pro se* plaintiff Valerie Arroyo's response (Pl. Opp., ECF No. 10) to the United States' combined motion to dismiss and opposition to Ms. Arroyo's motion for summary judgment (Def. Mot., ECF No. 9). Parts of Ms. Arroyo's brief address her motion for summary judgment. *See* Pl. Opp. at 6, 8-9. Pursuant to the rules, we reply in support of our motion to dismiss only. As set forth below, the Court should dismiss Ms. Arroyo's complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), because the Court does not possess jurisdiction to entertain it.

I.   The Court Should Dismiss Ms. Arroyo's Claims Pursuant to RCFC 12(b)(1)

   A. The Court Should Dismiss Ms. Arroyo's Claims Against State, Local, And Federal Officials

Although her opposition brief is not entirely clear, Ms. Arroyo appears to reference her claims regarding state, local, and Federal officials and a Federal district court judge. Pl. Opp. at 5, 9. The Court should dismiss these claims because it does not possess jurisdiction to address them. As an initial matter, these allegations should be dismissed because they do not implicate the United States. *See* 28 U.S.C. § 1491(a) (granting the Court of Federal Claims jurisdiction over certain claims "against *the United States*" and no one else) (emphasis added); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941); *May Co. v. United States*, 38 Fed. Cl. 414,

416 (1997) (refusing to allow a plaintiff's complaint against local Louisiana entities to proceed simply because the plaintiff listed the United States as defendant). Moreover, this Court does not possess jurisdiction to entertain suits against state, local, or Federal officials or judges. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("[T]he Court of Federal Claims does not have jurisdiction to hear claims against states or state officials."); *Kurt v. United States*, 103 Fed. Cl. 384, 386 (2012) (Court does not "have jurisdiction to hear claims against states, state agencies, or state officials."); *Pikulin v. United States*, 97 Fed. Cl. 71. 75 (2011) ("[t]his court does not possess jurisdiction to hear claims against individual federal government officials or judges."). In addition, Federal judges are immune from suit when the judge had the authority to act "at the time [the judge] took the challenged action." *Stump v. Sparkman,* 435 U.S. 349, 355–56 (1978). Accordingly, the Court should dismiss Ms. Arroyo's allegations regarding all such individuals.

### B. The Court Should Dismiss Ms. Arroyo's Constitutional Claims

Ms. Arroyo also references constitutional claims and contends that she has been subject to discrimination in her reply. Pl. Opp. at 5, 7, 10. Although the nature of these claims remains uncertain, to the extent Ms. Arroyo is claiming that she was subject to civil rights violations under section 1983 of title 42, this Court lacks jurisdiction to consider these claims because they "are not based on any money-mandating provisions." *See Ramirez v. United States*, 239 F. App'x 581, 583 (Fed. Cir. 2007). Likewise, a *Bivens* action against a Federal official would also "lie outside the jurisdiction of the Court of Federal Claims." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)); *see also Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) (finding that a party may, under certain circumstances, bring an action for violations of constitutional rights against Government officials in their individual capacities).

Ms. Arroyo may also be claiming a right to a jury trial. Pl. Opp. at 6-7. Although the basis for this claim is not clear, to the extent she is claiming a constitutional right, that right is limited to criminal cases, and therefore is not applicable here. *See* United State Constitution, Article III, Section 2 ("The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury") and the Sixth Amendment ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury").

  C. <u>The Court Should Dismiss Any Tort Claim</u>

Ms. Arroyo continues to allege an unspecified tort claim. Pl. Opp. at 5, 7-9. This claim should be dismissed because this Court's jurisdiction is limited to cases "not sounding in tort." *See* 28 U.S.C. § 1491 (a)(1). Nor can this court award damages grounded in tort. *Fernandez de Iglesias v. United States*, 96 Fed. Cl. 352, 363 (2010). The Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, which Ms. Arroyo references, *see* Pl. Opp. at 5, grants jurisdiction to hear tort claims exclusively to United States district courts. 28 U.S.C. § 1346(b)(1); *see also Wood v. United States*, 961 F.2d 195, 197 (Fed. Cir. 1992); *Awad v. United States*, 301 F.3d 1367, 1372 (Fed. Cir. 2002).

  D. <u>The Court Should Dismiss Ms. Arroyo's Claim For Impeachment</u>

Ms. Arroyo seems to argue that this Court can take jurisdiction over her claim for impeachment because "[t]his Court reports to Congress." Pl. Rep. at 9. This Court has found, however, that it "lacks the authority to remove a federal judge," or other official through impeachment. *Lewis v. United States*, 147 Fed. Cl. 189, 192 (2020) (citing *Hicks v. United States*, 118 Fed. Cl. 76, 82 (2014) (holding that claims "for the impeachment of federal officials" are beyond the scope of this court's jurisdiction)). Accordingly, this claim must also be dismissed for lack of jurisdiction. *Id*.

II.     Transfer Pursuant To 28 U.S.C. § 1631 Is Not Warranted

The Court should not transfer Ms. Arroyo's action. She argues that this Court and the district court have concurrent jurisdiction yet she also contends that transfer is warranted. Pl. Opp. at 9. This argument does not meet the standard for transfer. Instead, section 1631 of title 28 "requires the transferor court to determine both that it lacks jurisdiction and that the transferee court possesses jurisdiction." *See Fisherman's Harvest, Inc. v. PBS & J*, 490 F.3d 1371, 1374 (Fed. Cir. 2007). Moreover, even if Ms. Arroyo acknowledged that this Court lacks jurisdiction to consider her claims, transfer would still not be warranted. As an initial matter, Ms. Arroyo has an existing case pending before the United States District Court for the Western District of North Carolina largely arising out of the same concerns underlying Ms. Arroyo's complaint here making transfer duplicative. *See Arroyo v. Lyles, et al.*, No. 3:20cv506 (W.D.N.C. filed Sept. 4, 2020). In addition, the Government has argued in a motion to dismiss pending before the district Court that the district court lacks jurisdiction over Ms. Arroyo's various claims. Accordingly, Ms. Arroyo has not made the requisite showing for transfer.

## CONCLUSION

For all of the foregoing reasons, and for the reasons stated in our moving brief we respectfully request that the Court dismiss Ms. Arroyo's complaint.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARTIN F. HOCKEY, JR.
Acting Director

        /s/ Franklin E. White, Jr.
        FRANKLIN E. WHITE, JR.
        Assistant Director


        /s/ Sonia M. Orfield
        SONIA M. ORFIELD
        Trial Attorney
        Commercial Litigation Branch
        Civil Division
        Department of Justice
        P.O. Box 480
        Ben Franklin Station
        Washington, DC 20044
        Tel: (202) 353-0534

        Attorneys for defendant

April 12, 2021

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 12th day of April, 2021, I caused to be placed in the United States mail (first-class, postage prepaid), copies of a "Defendant's Reply In Support of Its Motion To Dismiss" addressed as follows:

Valerie Arroyo
P.O. Box 5579
617 Springfield Drive
Concord, NC 28027

<u>/s/Sonia M. Orfield</u>